{¶ 29} I respectfully dissent from the majority's opinion as to the single assignment of error as I believe the decision of the Unemployment Compensation Review Commission ("UCRC") disallowing unemployment compensation benefits to Marika Robertson ("Robertson") was unlawful, unreasonable, and against the manifest weight of the evidence pursuant to R.C. 4141.282(H).
 {¶ 30} As the majority opinion correctly states, "[p]ursuant to R.C. 4141.29(D)(2)(a), a claimant is not eligible for unemployment compensation benefits if the claimant quit without just cause, or if the claimant was discharged for just cause. `Just cause' means `that which, to an ordinary intelligent person, is a justifiable reason for doing or not doing a particular act.'" Irvine, supra; Tzangas, Plakas Mannos, v.Administrator, Ohio Bureau of Employment Servs.,73 Ohio St.3d 694, 1995-Ohio-206; Warrensville Heights v. Jennings, (1991),58 Ohio St.3d 206; Shephard v. Dir., Ohio Dep't of Job FamilyServs. (May 11, 2006), Cuyahoga App. No. 86518, 2006-Ohio-2313. In the present case, I find that no competent, credible evidence exists to support the UCRC's decision that Robertson was fired for just cause.
 {¶ 31} The evidence in the record contained numerous statements from Robertson as well as numerous court documents from the Cleveland Municipal Clerk of Court's office, the Cleveland Police Department, and the Cuyahoga County Sheriff's Office, all stating that no felony record exists. Robertson clearly enunciated in her letters contained in the record, that she attempted to locate the required certified journal entry in both the Cleveland Municipal Court Clerk's office as well as the Cuyahoga County Clerk of Court's office. Robertson explained that when she attempted to get the required documents from the Common Pleas Clerk of Court's office she was informed that she was not in their system and that there was nothing they could give her to prove this.
 {¶ 32} Accordingly, Robertson made an extreme good faith effort to comply with the demands of her employer, Inter-Con Security Systems Holding Corporation, as well as the requirements of the Ohio Department of Commerce. Robertson cannot be expected to prove something that does not exist.
 {¶ 33} Cleveland Police arrested Robertson on June 12, 2003 for contempt of court and felonious assault. However, no charges were ever filed concerning the arrest for felonious assault. As stated by Robertson in her appellate brief, even if a complaint for felonious assault has been filed by the arresting officer, her initial appearance would have occurred in Cleveland Municipal Court, not the Court of Common Pleas. Moreover, no Cleveland Municipal Court conducted a preliminary hearing, Robertson never waived a preliminary hearing, and no court ever bound Robertson over to Cuyahgoa County Court of Common Pleas. Accordingly, the court with proper jurisdiction over the felonious assault arrest was the Cleveland Municipal Court. Therefore, Robertson complied with the Ohio Department of Commerce's request when she provided a letter from the Clerk of Court's office stating "no record found."
 {¶ 34} Moreover, when this matter was initially heard by the Department of Job and Family Services, the hearing officer determined that there was not enough fault on Robertson's part and found in her favor. The employer appealed but the Director's Redetermination affirmed the original determination in Robertson's favor.
 {¶ 35} I find the Ohio Department of Commerce's instructions regarding where felony and misdemeanor records are located to be misleading. Though true on their face, as illustrated above, when an individual is arrested for a felony but never charged, no record will exist in the Common Pleas Clerk of Courts as that individual would never have been bound over to the Court of Common Pleas.
 {¶ 36} Based on the above, I find that Robertson made a good faith effort to comply with requirements of her employer and the Ohio Department of Commerce. Robertson made numerous attempts to acquire a document that did not exist and all the while, provided the parties with documentation showing that she does not have a felony conviction. An ordinary, intelligent person in the same situation as Robertson would be justified in conducting himself or herself in the same manner. Therefore, Robertson should not be to blame for the Ohio Department of Commerce's failure to issue her a private security license. Because Robertson should not be blamed for failing to obtain a license, I believe that her employer had no just cause for her termination. Accordingly, I find that the UCRC's decision to disallow Robertson's unemployment compensation benefits is unlawful, unreasonable and against the manifest weight of the evidence.
 {¶ 37} For the abovementioned reasons, I would reverse the decision of the trial court and remand for actions consistent with this opinion.